---

(Superior Court of Cincinnati.)
Special Term.
MICHAEL BURKE v. THE CITY OF CINCINNATI et al.

(1). Where a law passed by the general assembly does not appear in the secretary of state's office, nor on the journal of either house, it must fail as a law, not from any defect in its passage, but because we have no certainty as to what the law is or was.

(2). The act "to authorize cities of the first class to issue bonds to pay for property to open, extend, widen or straighten streets," is void under the holding in the first paragraph of this syllabus.

---

DEMPSEY, J.

This case presents some curious features in regard to the enactment, authentication, and enrollment in the office of the secretary of state, of an act on the proof of the existence of which the controversy herein hinges.

By reason of the rule of evidence which requires courts to take judicial notice of the doings of the legislative branches of the government as evidenced by their journals, and by reason of the verity which such journals import, the petition eked out by such journals, in effect states that on March 7th, 1898, there was introduced into the house of representatives, a bill number H. B. No. 486, "To authorize cities of the first class to issue bonds to pay for property appropriated to open, extend, widen or straighten streets;" and the bill was read the first time. On March 8th, the bill was read the second time, and referred to the committee on municipal affairs. On March 25th the bill was reported back, recommended for passage, and ordered to be engrossed. On April 7th the bill was read the third time and referred to a select committee of one with instructions to amend by inserting in seven distinct and appropriate places, the words, 'or its successors;" which committee of one reported the bill amended as instructed, and thereupon the bill was duly passed. On April 11th the bill designated as H. B. No. 486, was reported to the senate as having passed the house, and concurrence requested. The bill was introduced and read the first time. On April 12th it was read the second time,

and referred to the senate committee on municipal corporations No. 1. On April 19th this committee reported and recommended the bill for passage; and on April 22d it was read the third time and dully passed, and the passage thereof reported to the house. The joint committee, from both houses, on enrollment reported to the house on April 23d, and to the senate on April 25th, that it had examined the bill and found it correctly enrolled. On April 23d, the speaker of the house, in the presence of the house, signed the bill. On April 25th this was reported to the senate, and, on the same day, the bill was signed by the president of the senate, in the presence of the senate.

No copy of the bill as originally presented in the house, or as amended and passed, appears on the journal of either house. In the printed volume of laws for the year 1898, duly certified to by the secretary of state (93 Ohio Laws, at page 651), appears what purports to be said house bill No. 486, but an inspection of the same shows the entire absence therefrom of the words "or its successor," in the various places wherein they were ordered to be inserted by the amendment authorized and passed in the house. It is very evident, then, that the act as contained in the printed volume of laws is not the act that was passed by both houses of the general assembly. It is also manifest that an act relating to the subject embraced in the title of the printed act, was passed by both of said houses.

It has been held that where a bill appears as passed in the annual volume of laws, but does not so appear by the journals of the house and senate, it is not a law, for the journals are the highest evidence and must control (State v. Price, 8 C. C., 25). This ruling disposes of the bill, or act, that appears in the 1898 volume of laws.

But how about the bill that was passed; can it be set up as law, and in what manner may it be proved?

Section 128, Revised Statutes, provides that the secretary of state shall have charge of and safely keep all the laws that may be passed by the legislature. In other words, all laws, duly enacted, must be filed with him. If a law duly enacted is not filed with him, what will be the consequence?

The answer seems to be found in State v. Kiesewetter, 45 Ohio St., 254, where the whole subject of enacting and authenticating laws is fully considered. In this case the bill had duly passed both houses, but it had not been copied upon the journal of either house, nor signed by the presiding officer of either house, nor there enrolled as a law nor filed in the regular course of procedure in the office of the secretary of state, nor was it published among the

laws enacted by the particular general assembly, and it was held, among other things, that parol evidence could not be received to prove its contents, even though such evidence consisted of a printed bill, bearing title and number identical with the one described in the journals, and deposited in the state library in accordance with section 59 of the Revised Statutes. At page 261 the court say:

"And this is a practical question: Where a bill has received the sanction of a majority of each house of the general assembly, but has not been signed by the presiding officer of either house, or filed in the office of the secretary of the state in the regular course of procedure there, or published among the authorized laws, can it be treated as law by the courts?"

And the court say that it can not. Now, while but one or two of the various delinquencies set forth in the extract above appear in the case at bar, yet they are of such character as will peculiarly appropriate to themselves as pertinent thereto the argument of the court in reaching the conclusion arrived at. For, continuing, the court say:

"The importance of furnishing to the people sources of information, certain in their character and convenient of access, as to what is and what is not the law, is obvious. All are presumed to know the law, and it is of great interest to each citizen, as well as to the public officers, that there be some authentic record to which he may resort to ascertain definitely what laws are enacted by the legislature, what controls him in the daily transaction of business, and of what, at his peril, he is bound to take notice. Whatever conduces to certainty in this regard, therefore, is of great moment to every person in the state, and no rule of construction would be wise which leaves so important a matter in doubt and confusion."

The law that was passed does not appear in the secretary of state's office; it does not appear on the journals of either house; we cannot set it up by parol evidence. Therefore the law as passed must fail as a law, not from defects in its passage, but because we have no certainty as to what the law is or was. The answer of the defendants, outside of the admissions, being a mere denial, in reality denied only conclusions of law. The demurrer searching the record, therefore, tests the sufficiency of the petition, which, under the views here enunciated, states a good cause of action, and the defense pleaded being insufficient in law, the demurrer thereto must necessarily be sustained.

H. D. Peck, for Plaintiff.

E. G. Kinkead, Corporation Counsel, for the City.